FILED

2013 Sep-18  PM 01:59
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHER DIVISION

|  |  |  |
|---|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Morgan Stanley ABS Capital Inc., Trust 2006-HE4,** | ) ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No.: 2:13-CV-1272-VEH** |
| **CHRISTOPHER BAXTER, et al,** | ) ) | |
| **Defendants** | ) ) | |
| **v.** | ) ) | |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, et al.** | ) ) ) | |
| **Counter-Defendants.** | ) ) | |

---

## <u>MEMORANDUM OPINION</u>

This civil action was originally filed in the Circuit Court of Blount County,

Alabama, on July 9, 2013.  (Doc. 1-1 at 2).  In the complaint, the plaintiff, Deutsche

Bank National Trust Company ("Deutsche Bank"), sued Christopher Baxter, Vickie

Baxter, and Anthony Baxter "to recover possession of [certain] real property" located

in Blount County, Alabama.  (Doc. 1-1 at 2).   Thereafter, Christopher and Vickie

Baxter ("the Baxters"), filed, in state court, an "Answer and Counterclaim." (Doc. 1-1 at 33). In addition to answering the claim brought by Deutsche Bank, the document sets out a counterclaim against the plaintiff and two new parties to the action, namely Mortgage Electronic Registration Systems, Inc. ("MERS"), and Wells Fargo Bank, N.A. d/b/a America's Servicing Company ("Wells Fargo"). (Doc. 1-1 at 39).

Against Deutsche Bank, the counterclaim alleges respondeat superior (Count One), joint venture liability (Count Two), unjust enrichment (Count Four[1]), civil conspiracy (Count Five), negligence (Count Six), wantonness (Count Seven), abuse of process (Count Twelve), wrongful foreclosure (Count Fourteen), and violation of the Truth in Lending Act ("TILA")), 15 U.S.C. § 1601, *et seq.* (Count Sixteen). Against MERS, it alleges joint venture liability (Count Two), unjust enrichment (Count Four), civil conspiracy (Count Five), negligence (Count Six), wantonness (Count Nine), and breach of contract (Count Fifteen). Against Wells Fargo, the counterclaim alleges joint venture liability (Count Two), unjust enrichment (Count Four), civil conspiracy (Count Five), negligence (Count Ten), wantonness (Count Eleven), wrongful foreclosure (Count Fourteen), breach of contract (Count Fifteen), and violation of TILA and the Real Estate Settlement Procedures Act ("RESPA"), 12

---

[1]There is no count three.

U.S.C. § 2601, *et seq.* (Count Seventeen).[2]

On July 9, 2013, Wells Fargo, alone,[3] removed the case to this court. (Doc. 1). The case comes before the court on the Baxters' motion to remand. (Doc. 10). For the reasons stated herein, the motion will be **GRANTED**.

## I.     STANDARD FOR REMAND

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the Defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See, City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310,

---

[2]Count Thirteen (slander of title) is brought against "U.S. Bank National Association," an entity which is not a party to this action. (Doc. 1-1 at 60).

[3]Section 1441(c) requires that, even if the counterclaim was a proper basis for removal, all defendants against whom the counterclaim was brought "are required to join in or consent to the removal." 28 U.S.C. 1441(c). Wells Fargo has not shown, and the record does not reflect, that MERS and Deutsche Bank joined in or consented to removal. However, a motion to remand the case based on this defect in removal "must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c); *see, also, Smith v. Atkinson*, 24 F. Supp. 2d 1266, 1267 (M.D. Ala. 1998) ("To be timely, a motion to remand based on an alleged defect in removal procedure must be filed within thirty days of the notice of removal."). The instant motion does not raise this issue and the time to do has passed. The issue is therefore waived.

1313 (11th Cir. 2012) ("[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.") (citation omitted).

"In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) (citation omitted); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir.2001).

> That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of the right of removal. *Albonetti v. GAF Corporation-Chemical Group,* 520 F.Supp. 825, 827 (S.D. Texas 1981); *Jennings Clothiers of Ft. Dodge, Inc. v. U.S. Fidelity & Guaranty Co.,* 496 F.Supp. 1254, 1255 (D.Iowa 1980); *Fort v. Ralston Purina Company,* 452 F.Supp. 241, 242 (E.D.Tenn.1978).

*Parker v. Brown*, 570 F.Supp. 640, 642 (D.C. Ohio, 1983)

> While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition. We align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction. We emphasize, as did the court in *Allen,* that "under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Allen,* 63 F.3d at 1335.

4

*Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

## II.   ANALYSIS

Title 42 U.S.C. § 1441 governs the removal of civil actions.  In this case, Wells

Fargo seeks to remove on the basis of both sections 1441(a) and (c).  (Doc. 1 at 3, 6).

Those sections provide:

> **(a) Generally.**--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> . . .
>
> **(c) Joinder of Federal law claims and State law claims.--(1)** If a civil action includes–
>
> **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> **(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C.A. § 1441(a), (c) (emphasis in original).

In this case, the notice of removal states that this court has original, federal question jurisdiction over this claim pursuant to 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331. The federal question which is the basis for this assertion appears only in the counterclaim.

### A.   Wells Fargo is a Counterclaim, Not Third-Party, Defendant

Wells Fargo refers to itself as a "third-party defendant," despite the fact that it was added to this case via a counterclaim. (Doc. 1 at 4-7; doc. 11 at 3-6). The Baxters argue that Wells Fargo is a counterclaim defendant only. Because Wells Fargo relies upon binding precedent applicable only to third-party defendants, the court must decide this issue. The court notes that, in doing so, the "'[l]egal characterizations of a party's status as stated in a complaint are not controlling; rather the Court must look at the factual allegations ... to determine a party's proper status. Furthermore, in determining the removing parties' proper characterization, federal law controls.'" *Karp v. Am. Law Enforcement Network, LLC*, CA 11-0449-CG-C, 2011 WL 6963254 (S.D. Ala. Nov. 18, 2011) *report and recommendation adopted*, CIV.A. 11-449-CG-C, 2012 WL 38161 (S.D. Ala. Jan. 6, 2012) (quoting *Palisades Collections LLC v. Shorts,* Civil Action No. 5:07CV098, 2008 WL 249083, at *3

(N.D.W.Va. Jan.29, 2008) (citations and internal quotations omitted; alteration to original)); *see also Chicago, Rock Island & Pacific R.R. v. Stude,* 346 U.S. 574, 579–80, 74 S.Ct. 290, 98 L.Ed. 317 (1954) ("For the purpose of removal, the federal law determines who is plaintiff and who is defendant.").[4]

Fed. R. Civ. P. 13(a) and (b) allows counterclaims against "any opposing party." Even though Wells Fargo and MERS were not "opposing parties" before the counterclaim was filed (since they were not parties to the case), the Federal Rules allow for the joinder of new parties under Rules 19 and 20 via a counterclaim. *See* Fed. R. Civ. P. 13(h). By contrast, third-party defendants can only be joined if the claim is by the defendant (third-party plaintiff) against someone "who is or may be liable to it for all or part of the plaintiff's claim against [it]." Fed. R. Civ. P. 14(a)(1). In *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987), the Eleventh Circuit wrote:

> Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim. Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim.

---

[4]Wells Fargo does not respond to the Baxters' argument that it is a counterclaim defendant. Indeed, in all of its filings Wells Fargo merely states, without discussion, that it is a third-party defendant.

*Olavarrieta*, 812 F.2d at 643 (emphasis added).

Wells Fargo admits that this is not an indemnity claim, citing this new claim's "separate and distinct nature." (Doc. 11 at 5) ("In fact, Deutsche Bank could dismiss its claims against [d]efendants and their claims against Wells Fargo would remain pending."). Accordingly, Wells Fargo can only be a counterclaim defendant. *See Bear Lumber Co., Inc. v. Headley*, CIV.A. 2:08CV841-MHT, 2009 WL 2448161 (M.D. Ala. Aug. 10, 2009) (in the removal context, using a similar analysis to determine that third-party complaint was inappropriate); *MWS, Inc. v. Knight Technical Servs. Inc.*, 3:12-CV-354-WKW, 2012 WL 3435043 (M.D. Ala. Aug. 14, 2012) (same).

**B.      Removal of This Action Was Improper**

1.      ***Section 1441(a) Removal***

Under Section 1441(a), the Supreme Court has been clear that "whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75-76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914). In other words, under Section 1441(a), "determining whether a

particular case arises under federal law turns on what is contained within the "well-pleaded complaint." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207, 124 S. Ct. 2488, 2494, 159 L. Ed. 2d 312 (2004).  In *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831, 122 S. Ct. 1889, 1894, 153 L. Ed. 2d 13 (2002), the Court stated that "a counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction." *See also, Vaden v. Discover Bank*, 556 U.S. 49, 66, 129 S. Ct. 1262, 1276, 173 L. Ed. 2d 206 (2009) ("[A] counterclaim . . .  does not provide a key capable of opening a federal court's door.").  Wells Fargo could not remove the case under Section 1441(a) .

## 2.    *Section 1441(c) Removal*

Although the Eleventh Circuit has not addressed precisely this issue, the old Fifth Circuit did issue a related opinion on third-party removal under Section 1441(c) in *Carl Heck Engineers, Inc., v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980).[5]  In *Carl Heck*, the court found that a third-party defendant could remove a case under 28 U.S.C. § 1441(c) when the cause of action was "distinct and independent" from the underlying cause of action, such that "the claim would be

---

[5]  *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

removable if sued upon alone." *Id.* at 136. It was also particularly important to the court that the third-party claim had been separated from the original claims, thereby not depriving the original plaintiff from his choice of a forum. *Id.*

Since *Carl Heck* remains good law in the Eleventh Circuit, were this a third-party defendant removal, the issue would be already be decided. However, since this is a counterclaim defendant removal, the Court must first determine whether *Carl Heck* should be extended to include counterclaim defendants.

More than a decade after it decided *Carl Heck*, the Fifth Circuit, now separate from the Eleventh Circuit, extended its holding to counterclaim defendants. *State of Tex. By and Through Bd. of Regents of University of Texas System v. Walker*, 142 F.3d 813, 816 (5th Cir. 1998) ("If the rationale of *Carl Heck* correctly affords third-party defendants the opportunity of § 1441(c) removal to federal court, to which they could have removed when sued alone, then that rationale protects [a counterclaim defendant]."). Some district courts in this circuit have followed the Fifth Circuit's example in *Walker* and have similarly extended the holding in *Carl Heck*. *See, e.g., Mace Sec. Intern., Inc. v. Odierna*, No. 08-60778-CIV 2008 WL 3851839, *4 (S.D.Fla. Aug 14, 2008)(finding the Fifth Circuit's decision in *Walker* to be persuasive and extending *Carl Heck* to include counterclaim defendant removals); *North Star Capital Acquisitions, LLC v. Krig*, (Nos 3:07CV264J32MCR,

10

3:07CV265J32TEM, 3:07CV266J32MCR 2007 WL 3522425, *1 n. 3 (M.D.Fla. Nov
15, 2007)("Unlike *Carl Heck*, *Walker* is not binding in the Eleventh Circuit.
However, the *Walker* holding to allow removal by counterclaim defendants is simply
a natural extension of the *Carl Heck* rule by which this Court is bound."). Other
district courts in this circuit have rejected such an extension. *See, Citibank (S.
Dakota), N.A. v. Duncan*, 209-CV-868-WKW WO, 2010 WL 379869 at *2 (M.D.
Ala. Jan. 25, 2010) ("Although *Carl Heck* is binding authority as to removals by
third-party defendants, *Walker* is not. . . . The Eleventh Circuit has yet to decide
whether § 1441(c) encompasses removals by counter-defendants, and given the
divisiveness among other courts as to the underlying conclusion reached in *Carl
Heck,* the court is persuaded that the better course is to remand, rather than to guess
what this circuit might hold if presented with the unsettled issue of whether *Carl
Heck* should be extended to removals by counter-defendant."); *Karp,* 2011 WL
6963254 ("counter-defendants lack the authority to remove this matter pursuant to
section 1441(c) and *Carl Heck does not apply*) (emphasis supplied in original);
*Chevy Chase Bank, F.S.B. v. Carrington*, 6:09-CV-2132ORL31GJK, 2010 WL
1854123 at *1 & *3 (M.D. Fla. May 10, 2010 (same as applied to crossclaim
defendants).

　　　Outside of the Fifth Circuit, *Carl Heck* has been almost universally disagreed

11

with in the more than twenty years since the opinion was issued. *See, e.g.*, *First Nat.*
*Bank of Pulaski v. Curry*, 301 F.3d 456, 465 (6th Cir. 2002) ("Given the language of
the statute and the rule that removal statutes are to be construed narrowly, we reject
the view that 'joined,' as used in § 1441(c), should be interpreted broadly and
conclude instead that it should be interpreted narrowly to apply only to claims joined
by the plaintiff in the original state court action."); *Lewis v. Windsor Door Co.*, 926
F.2d 729, 733 (8th Cir.1991) ("We do not, however, believe § 1441(c) was intended
to effect removal of a suit, not otherwise within federal jurisdiction, because of the
introduction of a third-party claim. Removal on such basis is too much akin to the tail
wagging the dog."); *Andrews v. Elec. Motor Sys., Inc.*, 767 F.Supp. 853, 855
(S.D.Ohio 1991) ("Moreover, this Court agrees that permitting another party to defeat
the plaintiffs' choice of forum based upon the fortuitous addition of a removable third
party claim would be 'too much akin to the tail wagging the dog.'") (citing 1A
MOORE'S FEDERAL PRACTICE ¶ 0.167[10]); *Elkhart Coop. Equity Exch. v. Day,* 716
F.Supp. 1384, 1387 (D.Kan. 1989) ("[R]emoval under § 1441(c) is available only
when a removable claim 'is joined with' a non-removable claim. Strictly construed,
this provision only permits removal of claims joined in the plaintiff's complaint.");
*Thomas v. Shelton*, 740 F.2d 478, 487 (7th Cir.1984) (holding in an opinion by Judge
Posner that in the "broad run of third-party cases" the third-party defendant may not

remove under § 1441(c)); *see also* 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3724, at 44 (3d ed.1998) (endorsing the view that "Section 1441(c) should not be interpreted as generally authorizing removal in these contexts").

The Fifth Circuit's decision in *Walker* seems to be a natural extension of the reasoning in *Carl Heck*, but the overwhelming weight of authority, while not binding, suggests that *Carl Heck* was an aberration.  Given the recent developments in jurisprudence involving Section 1441(c), the court finds it unlikely that the Eleventh Circuit would extend *Carl Heck* to include counterclaim defendants.  This is especially true where, as here, the underlying claims have not been severed, as was the circumstance in *Carl Heck*.

Therefore, the court declines Wells Fargo's invitation to extend *Carl Heck* to counterclaim defendants.  Instead, in finding that *Carl Heck* should not be extended in this manner, the Court sides with the majority of other courts across the country that have found that Section 1441(c) does not permit removal for counterclaim defendants.

## III.   CONCLUSION

Based on the foregoing, the court determines that Wells Fargo improperly removed this case.  Accordingly, subject matter jurisdiction does not exist and the

13

motion to remand is **GRANTED**.  By separate order, this case will be **REMANDED** to the Circuit Court of Blount County, Alabama, for further proceedings.

      **DONE** this 18th day of September, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

14